ROBERT R. ROGINSON, SBN 185286
robert.roginson@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:    213-239-9800
Facsimile:    213-239-9045

MICHAEL J. NADER, SBN 200425
michael.nader@ogletree.com
PAUL M. SMITH, SBN 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone:    916.840-3150
Facsimile:    916.840-3159

Attorneys for Defendant
W.G. YATES & SONS CONSTRUCTION
COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO RIVERA CADENA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>W.G. YATES & SONS CONSTRUCTION COMPANY, a Mississippi corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 2:23-cv-00262-DAD-KJN<br><br>**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C) OR, IN THE ALTERNATIVE, MOTION TO STRIKE UNDER FRCP 12(F)**<br><br>[Filed concurrently herewith Declaration of Michael J. Nader and [Proposed] Orders]<br><br>Date:        April 4, 2023<br>Time:        1:30 pm<br>Courtroom :   4<br><br>Sacramento County Superior Court<br>Case No. 34-2021-00311197<br><br>Action Filed:      11/15/2021<br>Trial Date:        None |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY ..................... 1

III.   THE RULE 12 STANDARDS ..................................................................... 2

    A.    The Rule 12(c) Standard ................................................................ 2

    B.    Rule 12(f) Motion to Strike. ........................................................ 4

IV.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HE FAILED TO PLEAD SUFFICIENT FACTS OR THE CLAIMS FAIL AS A MATTER OF LAW. ............................................................................. 5

    A.    The Court Should Dismiss Plaintiff's First Cause of Action Because He Fails to Plead Sufficient Facts to State a Plausible Claim for Unpaid Overtime. ........................................................................ 5

    B.    The Court Should Dismiss Plaintiff's Second Cause of Action Because He Fails to Plead Sufficient Facts to State a Plausible Claim for Minimum Wages ................................................................. 6

    C.    The Court Should Dismiss Plaintiff's Third Cause of Action Because Plaintiff Fails to Plausibly Allege Meal Break Violations. ............... 7

    D.    The Court Should Dismiss Plaintiff's Fourth Cause of Action Because Plaintiff Fails to Plausibly Allege Rest Break Violations. ................ 9

    E.    The Court Should Dismiss Plaintiff's Fifth Cause of Action Because He Fails to Plead Sufficient Facts to State a Plausible Claim for Final Wages Not Timely Paid. ....................................................... 11

    F.    The Court Should Dismiss Plaintiff's Sixth Cause of Action Because He Fails to Plead Sufficient Facts to State A Plausible Claim for Non-Compliant Wage Statements ................................................... 13

    G.    The Court Should Dismiss Plaintiff's Seventh Cause of Action for Unfair Competition ........................................................................ 14

    H.    The Court Should Dismiss Plaintiff's Eighth Cause of Action Seeking PAGA Civil Penalties ........................................................ 15

V.    THE MOTION TO STRIKE ..................................................................... 15

    A.    The Court Should Dismiss or Strike Plaintiff's Class Claims Because He Pleads No Factual Allegations that Plausibly Suggest that He is Similarly Situated to Putative Class Members ............................. 15

    B.    The Court Should Strike Plaintiff's PAGA Allegations Seeking Civil Penalties For Untimely Wage Payments Under Section Labor Code Section 204 ......................................................................... 17

i

C.     The Court Should Strike Plaintiff's PAGA Allegations Seeking
Civil Penalties Under California Labor Code Section 226.3. ....................... 18

VI.     CONCLUSION ......................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Blockbuster Inc.*,
　No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010)......................5, 11

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ........................................................................................................2

*Barajas v. Blue Diamond Growers Inc.*,
　No. 1:20-cv-0679 JLT SKO, 2022 WL 1103841 (E.D. Cal. April 13, 2022) ..........................3, 7

*Barragan v. Home Depot U.S.A.*,
　No. 3:19-cv-01766-AJB-AGS, 2021 WL 2828577 (S.D. Cal. Mar. 26, 2021)..........................18

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ........................................................................................................2

*Billington v. United Nat'l Foods, Inc.*,
　No. 2:18-CV-02082-TLN-EFB, 2020 WL 5763824 (E.D. Cal. Sept. 24, 2020) .....................3, 6

*Boyack v. Regis Corp.*,
　812 F. App'x 428 (9th Cir. 2020)................................................................................3, 5, 7

*Brown v. Wal-Mart Stores, Inc.*,
　No. C 08-5221 SI, 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013) .....................................12, 14

*Byrd v. Masonite Corp.*,
　No. EDCV 16-35 JGB (KKx), 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016).....................4

*Caballero v. W. Refin. Retail, L.L.C.*,
　No. 8:21-cv-00018-VAP-SKx, 2021 WL 2935308 (C.D. Cal. June 9, 2021)..........................11

*Carter v. Jai-Put Enter.*,
　No. 18-cv-06313-DMR, 2020 WL 3545094 (N.D. Cal. June 30, 2020)...................................18

*Chavez v. RSCR Cal., Inc.*,
　No. 2:18-CV-03137-JAM-AC, 2019 WL 1367812 (E.D. Cal. Mar. 26, 2019) ..........................3

*Cleveland v. Groceryworks.com, L.L.C.*,
　200 F. Supp. 3d 924 (N.D. Cal. 2016)..................................................................................14

*Clevland v. Ludwig Inst. for Cancer Rsch. Ltd.*,
　No. 21cv871 JM (JLB), 2022 WL 80265 (S.D. Cal. Jan. 7, 2022) .........................................18

*Cortez v. United Nat'l Foods, Inc.*,
　No. 18-cv-04603-BLF, 2019 WL 955001 (N.D. Cal. Feb. 27, 2019) ..........................................7

*De La Torre v. Am. Red Cross*,
　No. CV 13-04302 DDP, 2013 WL 5573101 (C.D. Cal. Oct. 9, 2013)......................................18

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

*Duley v. Centerra Grp., L.L.C.*,
   No. 2:19-cv-08754-AB, 2020 WL 6526369 (C.D. Cal. Mar. 18, 2020) ....................................13

*Dutra v. J.R. Simplot*,
   No. 2:21-cv-01054-TLN-CKD, 2023 WL 113846 (E.D. Cal. Jan. 5, 2023)...................... *passim*

*Edwards v. Oportun, Inc.*,
   193 F. Supp. 3d 1096 (N.D. Cal. 2016)..................................................................................4

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993), overruled on other grounds, 510 U.S. 517 (1994)....................4

*Fleming v. Covidien, Inc.*,
   No. ED CV10-01487 RGK, 2011 WL 7563047 (C.D. Cal. Aug. 12, 2011)..............................19

*Frausto v. Bank of Am., N.A.*,
   No. 18-cv-01983-MEJ, 2018 WL 3659251 (N.D. Cal. Aug. 2, 2018) .....................................18

*Cafasso ex rel. Gen. Dynamics C4 Sys., Inc. v. Gen. Dynamics C4 Sys.*,
   637 F.3d 1047 (9th Cir. 2011) ............................................................................................2

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ............................................................................................3

*Gonzalez v. Fallanghina, L.L.C.*,
   No. 16-cv-01832-MEJ, 2016 WL 3951655 (N.D. Cal. July 22, 2016) ................................9, 10

*Guerrero v. Halliburton Energy Servs., Inc.*,
   No. 1:16-CV-1300, 2016 WL 6494296 (E.D. Cal. Nov. 2, 2016) ...........................6, 8, 11, 13

*Hall v. W. Ref. Retail, L.L.C.*,
   No. 5:19-CV-00855-VA, 2020 WL 3891453 (C.D. Cal. Apr. 24, 2020)..................................18

*Harris v. Chipotle Mexican Grill, Inc.*,
   303 F.R.D. 625 (E.D. Cal. Oct. 6, 2014) ..............................................................................16

*Horton v. Neostrata Co.*,
   No. 3:16-CV-02189-AJB-JLB, 2017 WL 2721977 (S.D. Cal. June 22, 2017).........................15

*Hovsepian v. Apple, Inc.*,
   No. 08-5788 JF (PVT), 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) ....................................4

*Jones v. Tirehub, L.L.C.*,
   No. 2:21-CV-00564-JAM-DB, 2021 WL 3187551 (E.D. Cal. July 28, 2021) .......................3, 5

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975)..............................................................................................16

*Krauss v. Wal-Mart, Inc.*,
   No. 2:19-CV-00838-JAM-DB, 2020 WL 1874072 (E.D. Cal. Apr. 15, 2020)..........................3

*Landers v. Quality Commc'ns Inc.*,
   771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S.
   Ct. 1845 (2015)............................................................................................................. *passim*

iv

*Lopez v. Aerotek, Inc.*,
  No. SACV 14-00803-CJC(JCGx), 2015 WL 4504691 (C.D. Cal. July 23, 2015)......................11

*Lopez v. Wendys Int'l, Inc.*,
  No. CV 11-00275-MMM(JCx), 2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) .........................9

*Lyter v. Cambridge Sierra Holdings, L.L.C.*,
  No. CV173435MWFAGRX, 2017 WL 8186044 (C.D. Cal. July 25, 2017) .............................11

*Mie Yang v. Francesca's Collections, Inc.*,
  No. 17-cv-04950-HSG, 2018 WL 984637 (N.D. Cal. Feb. 20, 2018) ........................................14

*Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*,
  436 F. Supp. 2d 1095 (C.D. Cal. 2006)....................................................................................4

*Morales v. Amazon.com, L.L.C.*,
  No. 2:17-cv-1981-ODW-JEM, 2018 WL 3636888 (C.D. Cal. July 30, 2018) ..........................9

*Ovieda v. Sodexo Operations, L.L.C.*,
  No. CV 12-1750-GHK, 2012 WL 167237 (C.D. Cal. May 7, 2012) ..............................15, 16

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
  2019 WL 5618169 (E.D. Cal. Oct. 31, 2019)....................................................................13, 17

*Perez v. DNC Parks & Resorts at Sequoia*,
  No. 119CV00484, 2020 WL 4344911 (E.D. Cal. July 29, 2020) ..........................................8

*Partida v. Stater Bros. Mkts.*,
  No. 518CV02600SJOKKX, 2019 WL 1601387 (C.D. Cal. Feb. 19, 2019) ...........................12

*Ramirez v. HV Glob. Mgmt. Corp.*,
  No. 21-cv-09955-BLF, 2023 WL 322888 (N.D. Cal. Jan. 19, 2023)......................................9

*Ramirez v. Manpower, Inc.*,
  No. 5:13-CV-2880-EJD, 2014 WL 116531 (N.D. Cal. Jan. 10, 2014) ...................................14

*Ritenour v. Carrington Mortg. Servs. L.L.C.*,
  228 F. Supp. 3d 1025 (C.D. Cal. 2017)....................................................................................11

*Rubin v. Wal-Mart Stores, Inc.*,
  599 F. Supp. 2d 1176 (N.D. Cal. 2009)....................................................................................14

*Sanders v. Apple, Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009)......................................................................................4

*Shann v. Durham Sch. Servs., L.P.*,
  182 F. Supp. 3d 1044 (C.D. Cal. 2016) ....................................................................................4

*Singer v. Becton, & Co., Med-Safe Sys.*,
  No. 08cv821 IEG (BLM), 2008 WL 2899825 (S.D. Cal. July 23, 2008) ................................18

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020)....................................................................................................14

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

*Soratorio v. Tesoro Ref. & Mktg. Co.*,
   No. CV 17-1554-MWF, 2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) ..........................7, 12, 13

*Soratorio v. Tesoro Refin. & Mktg. Co.*,
   No. CV 17-1554-MWF, 2017 WL 8220415 (C.D. Cal. Sept. 11, 2017) .............................12, 13

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ........................................................................................16

*Tietsworth v. Sears, Roebuck & Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ..........................................................................16

*White v. Starbucks Corp*,
   497 F. Supp. 2d 1080 (N.D. Cal. 2007) ..........................................................................15

*Wood v. N. Am. Van Lines, Inc.*,
   No. 820CV02092, 2021 WL 3134203 (C.D. Cal. July 23, 2021) ........................................8

**California Cases**

*AHMC Healthcare, Inc. v. Superior Court*,
   24 Cal. App. 5th 1014, 1023-24 (2018)............................................................................6

*Brinker Rest. Corp. v. Superior Court*,
   53 Cal. 4th 1004 (2012)...................................................................................................9

*Driscoll v. Granite Rock Co.*,
   No. 1-08-CV-103426, 2011 WL 10366147 (Cal. Super. Ct. Sept. 20, 2011) ......................12

*Gunther v. Alaska Airlines, Inc.*,
   72 Cal. App. 5th 334, 340 (2021) ....................................................................................19

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003)..................................................................................................14

**Other State Cases**

*Byrd v. Masonite Corp.*,
   No. EDCV 16-35 ........................................................................................................4, 16

*Dawson v. HITCO Carbon Composites, Inc.*,
   No. CV16-7337 PSG .......................................................................................................13

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
   No. SACV 14-1093 .........................................................................................................17

*Ortiz v. Sodexo Operations*,
   No. CV-10-04158 ...........................................................................................................16

**California Statutes**

Business. & Prof. Code
   § 17200, et seq. ................................................................................................................1

55006339.v1-OGLETREE

California Labor Code
   § 201 ...........................................................................................................................11

California Labor Code
   § 204 ...................................................................................................................17, 18

California Labor Code
   § 210 .....................................................................................................................1, 19

California Labor Code
   § 226.3 .................................................................................................................18, 19

**Other Authorities**

Federal Rule of Civil Procedure 23 ..............................................................................1, 4, 16

Federal Rule of Civil Procedure 12 ........................................................................... *passim*

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

55006339.v1-OGLETREE

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF JUAN PABLO RIVERA CADENA, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, on April 4, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled Court, Defendant W.G. YATES & SONS CONSTRUCTION COMPANY ("Yates") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure, Rule 12(c), for an order dismissing the Complaint for failure to state a claim upon which relief can be granted, based on the following grounds:

1.  Plaintiff's First Cause of Action for unpaid overtime wages fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly demonstrating that Plaintiff or the putative class members were not properly paid overtime wages in violation of California law.

2.  Plaintiff's Second Cause of Action for unpaid minimum wages fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly demonstrating that Plaintiff or the putative class members were not properly paid minimum wages in violation of California law.

3.  Plaintiff's Third Cause of Action for failure to provide meal breaks fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly demonstrating that Plaintiff or the putative class members were deprived of meal breaks in violation of California law.

4.  Plaintiff's Fourth Cause of Action for failure to provide rest breaks fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly demonstrating that Plaintiff or the putative class members were deprived of rest breaks in violation of California law.

5.  Plaintiff's Fifth Cause of Action for waiting time penalties fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly demonstrating that Yates willfully failed to timely pay Plaintiff or the putative class members final wages in violation of California law.

1

6.      Plaintiff's Sixth Cause of Action for failure to provide accurate wage statements fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly demonstrating that his or the putative class members' wage statements were inaccurate or that Yates knowingly and intentionally failed to provide compliant statements.

7.      Plaintiff's Seventh Cause of Action under California's Unfair Competition Law ("UCL") fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly alleging the predicate Labor Code violations, and because the claim fails as a matter of law.

8.      Plaintiff's Eighth Cause of Action under California's Private Attorneys General Act ("PAGA") fails to state a claim because Plaintiff does not set forth specific factual allegations plausibly alleging the predicate Labor Code violations. The PAGA claim also fails because Plaintiff offers no non-conclusory facts that his work experiences were similar to that of other allegedly aggrieved employees for whom he seeks to recover civil penalties.

9.      Plaintiff fails to state any claims on a class wide basis because Plaintiff does not set forth factual allegations to plausibly suggest that Plaintiff is similarly situated to the putative class Plaintiff purports to represent.

Alternatively, Yates moves this Court pursuant to Federal Rules of Civil Procedure 12(f) and 23 to strike the class allegations from the FAC on the grounds that Plaintiff's conclusory class allegations fail to plausibly allege any claim on a class basis.

Yates also moves this Court pursuant to Federal Rules of Civil Procedure 12(f) for an order striking portions of Plaintiff's FAC. Specifically, Yates moves to strike the following language from the FAC (ECF ):

1.  All references to alleged violations of Labor Code section 204 and related penalties under section 210 in the FAC (ECF 1), including:

    a.   "204, 210" in Paragraph 7, lines: 9-10.

    b.   "204, 210" in Paragraph 80, line: 3.

    c.   Paragraph 84 in its entirety.

d.  Prayer, Paragraph P, reference to section "210."

2.  All references to alleged penalties under Labor Code section 226.3:

a.  "226.3" in Paragraph 7, line: 10.

b.  "226.3" in Paragraph 80, line: 3.

c.  Paragraph 83, lines: 17-25.

d.  Prayer, Paragraph P, reference to section "226.3."

This Motion to Strike is made on the grounds that the above language is irrelevant, immaterial, impertinent, and/or improper matter, and thus should be stricken. Plaintiff only alleges an underpayment of wages, not late paychecks, and thus he fails to state a claim under section 204 and cannot seek related penalties under section 210. Plaintiff only alleges that wage statements were inaccurate, not that they were not provided at all, and thus Plaintiff cannot seek heightened penalties under section 226.3. Accordingly, Yates requests that this language be stricken from the FAC.

This Motion is based on this Notice of Motion and Motion for Judgment on the Pleadings or  Motion to Strike; the accompanying Memorandum of Points and Authorities; the Declaration of Michael J. Nader; and [Proposed] Orders; the files and records in this case; and any argument of counsel at the hearing on this matter.

DATED:  February 15, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  _____
      Robert R. Roginson
      Michael J. Nader
      Paul M. Smith

Attorneys for Defendant
W.G. YATES & SONS CONSTRUCTION COMPANY

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

## I.   <u>INTRODUCTION</u>

Plaintiff's First Amended Complaint ("FAC") is laden with claims and legal theories, but lacks the minimal factual allegations required for plausibility under *Twombly/Iqbal* and the Ninth Circuit's interpretation of those requirements in wage and hour actions, *Landers v. Quality Commc'ns Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015). Plaintiff's First through Sixth Causes of Action for alleged Labor Code violations fail because they lack the required factual detail. Plaintiff's Seventh and Eighth Causes of Action for violation California's Unfair Competition Law ("UCL"), Bus. & Prof. Code section 17200, et seq., and the Private Attorneys General Act ("PAGA") also fail because they are entirely derivative of the first six causes of action and suffer from the same deficiencies. For the reasons addressed below, the Court should dismiss all causes of action in the FAC.

In the alternative, Yates submits that the Court should strike Plaintiff's class claims because there are no facts in the FAC making it plausible that Plaintiff would satisfy the typicality, commonality or predominance requirements of Federal Rule of Civil Procedure 23 as to a class of all non-exempt employees of Yates in California. Plaintiff also improperly seeks civil penalties for alleged violations of sections 204, 210, and 226.3 of the Labor Code, which should be stricken to the extent that the PAGA claim is not dismissed.

## II.   <u>SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY</u>

On February 14, 2022, Plaintiff Juan Pablo Rivera Cadena ("Plaintiff") filed a first amended complaint ("FAC") against W. G. Yates & Sons Construction Company ("Yates"). (ECF 1). In the FAC, Plaintiff alleges eight causes of action against Defendant: (1) Failure to Pay Overtime Wages; (2) Failure To Pay Minimum Wages; (3) Failure To Provide Meal Periods; (4) Failure To Provide Rest Periods; (5) Failure To Pay All Wages Upon Termination; (6) Failure To Provide Accurate Wage Statements; (7) Unfair Competition; and (8) Private Attorneys' General Act ("PAGA") claims.

Plaintiff asserts all claims on behalf of a putative class of all current and former non-exempt employees of Yates within the State of California. (ECF 1, ¶ 20). Plaintiff only provides a conclusory allegation that he was employed by Yates as a non-exempt employee. (ECF 1, ¶10).

1

The FAC does not plead any other facts about Plaintiff, such as what duties he performed. Nor does the FAC allege factual material to support a plausible inference of any Labor Code violation; instead, it merely recites various legal requirements and a string of conclusions that Yates has committed violations, such as, Yates engaged in a "common course of conduct" that resulted in the purported violations. (ECF 1, ¶ 26). Plaintiff does not allege any specific facts concerning the alleged misconduct engaged in by Yates. He fails to allege any dates or work locations where violations occurred, or which of Yates's employees required Plaintiff and others to work off-the-clock or through breaks. For the reasons explained below, none of Plaintiff's claims satisfy the federal pleading standards and the Court should grant Yates's motion to dismiss the Complaint.

On February 7, 2023, counsel for Defendant sent a detailed email to Plaintiff's counsel that listed the arguments asserted in this motion, along with legal authorities, in an effort to meet and confer with Plaintiff's counsel. (Declaration of Michael J. Nader, ¶¶ 2-3, Exhibit A). Defendant's counsel did not receive a response from Plaintiff's counsel, which necessitated this Motion.

**III.    THE RULE 12 STANDARDS**

    **A.    The Rule 12(c) Standard.**

The standard for dismissing claims under Rule 12(c) is "functionally identical" to the Rule 12(b)(6) standard, which evaluates the pleadings under the plausibility standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Cafasso ex rel. Gen. Dynamics C4 Sys., Inc. v. Gen. Dynamics C4 Sys.,* 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) ("Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule.").

Rule 12(b)(6) requires that "factual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, "a complaint must contain ***sufficient factual matter***, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (emphasis added). A court need not

55006339.v1-OGLETREE

1   accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

2   unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

3          With respect to wage and hour claims such as the present ones, "conclusory allegations that

4   merely recite the statutory language are [not] adequate." *Landers*, 771 F.3d at 646. A plaintiff must

5   allege specific periods in which pay was withheld, as well as factual allegations regarding "the

6   length and frequency of [plaintiff's] unpaid work to support a reasonable inference that [plaintiff]

7   worked more than forty hours in a given week." *Id*. A plaintiff must also allege, at a minimum, that

8   there was one week when he or she worked overtime but was not paid the required overtime pay.

9   *Id*.; *see also Boyack v. Regis Corp.*, 812 F. App'x 428, 430-31 (9th Cir. 2020) (applying the

10  *Landers* rule to affirm dismissal of California wage and hour claims for unpaid minimum wages,

11  unpaid overtime, rest break violations, failure to pay wages upon termination, inaccurate wage

12  statements, and unfair business practices because the complaint "fails to allege a workweek" in

13  which these violations occurred, and instead "provides only conclusory allegations reciting the

14  statutory elements").

15         "Courts in this district have consistently applied *Landers* to non-FLSA claims." *Dutra v.*

16  *J.R. Simplot*, No. 2:21-cv-01054-TLN-CKD, 2023 WL 113846, at  *2 (E.D. Cal. Jan. 5, 2023)

17  (citing *Guerrero v. Halliburton Energy Servs., Inc.*, No. 1:16-CV-1300-LJO-JLT, 2018 WL

18  6494296, at *6 (E.D. Cal. Nov. 2, 2016) (collecting cases applying *Landers* standard to meal and

19  rest period claims under the California Labor Code); *Billington v. United Nat'l Foods, Inc.*, No.

20  2:18-CV-02082-TLN-EFB, 2020 WL 5763824, at *3 (E.D. Cal. Sept. 24, 2020) (applying *Landers*

21  to state law wage and hour claims). As such, courts in this District have repeatedly applied the

22  *Landers* decision to find that the failure to plead any specific workweek of alleged wage and hour

23  violations warrants dismissal. *See Krauss v. Wal-Mart, Inc.*, No. 2:19-CV-00838-JAM-DB, 2020

24  WL 1874072, at *2–4 (E.D. Cal. Apr. 15, 2020) (dismissing meal and rest break claims along with

25  overtime and minimum wage claims because plaintiff failed to allege "key facts and specific details

26  necessary" to support the claims); *Chavez v. RSCR Cal., Inc.*, No. 2:18-CV-03137-JAM-AC, 2019

27  WL 1367812, at *2–4 (E.D. Cal. Mar. 26, 2019) (same); *Jones v. Tirehub, L.L.C.*, No. 2:21-CV-

28  00564-JAM-DB, 2021 WL 3187551, at *3–4 (E.D. Cal. July 28, 2021) (same); *Barajas v. Blue*

*Diamond Growers Inc.*, No. 1:20-cv-0679 JLT SKO, 2022 WL 1103841 (E.D. Cal. April 13, 2022) (same).

These same defects apply to Plaintiff's FAC. Plaintiff fails to identify any specific workweek or other requisite details about when work requirements purportedly prevented him from being paid for all time worked or receiving compliant meal or rest break opportunities, or even the required details for his final pay claim. As such, the FAC should be dismissed.

### B.    Rule 12(f) Motion to Strike.

Federal Rule of Civil Procedure 12(f) allows parties to move to strike "any redundant, immaterial, impertinent, or scandalous matter." The purpose of such a motion is to avoid spending time and money litigating spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), overruled on other grounds, 510 U.S. 517 (1994). Under Rule 12(f), a defendant may move to strike language seeking relief that is not recoverable as a matter of law. *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (citing *Tapley v. Lockwood Green Eng'rs, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974)). Under "Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009). For class action allegations to survive the pleading stage, the complaint must plead facts sufficient "to justify the action's proceeding as a class action" under Rule 23. *Shann v. Durham Sch. Servs., L.P.*, 182 F. Supp. 3d 1044, 1048 (C.D. Cal. 2016) (dismissing class claims lacking "substantive allegations"); *see also Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class allegations where plaintiff failed to allege facts to support finding that employer had "statewide policies or practices giving rise to Plaintiff's causes of action" or that "member[s] of the putative class had similar work experiences").

Class allegations "must at least be plausible" or else they are properly subject to a motion to strike. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100 (N.D. Cal. 2016); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (holding that "[w]here the complaint demonstrates

4

that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.").

## IV.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HE FAILED TO PLEAD SUFFICIENT FACTS OR THE CLAIMS FAIL AS A MATTER OF LAW.

### A.    The Court Should Dismiss Plaintiff's First Cause of Action Because He Fails to Plead Sufficient Facts to State a Plausible Claim for Unpaid Overtime.

The Court should dismiss Plaintiff's claim for overtime violations because the FAC does not contain any non-conclusory factual allegations to support an inference of a plausible claim for relief.

In *Landers*, the Ninth Circuit established that a district court must dismiss an overtime claim if the complaint does not allege facts establishing that there was "at least one workweek when [the plaintiff] worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Landers*, 771 F.3d at 646. And in *Jones v. Tirehub, L.L.C.*, the court explained that "Plaintiff does not identify any specific workweek in which he worked in excess of forty hours and was not paid for excess hours or not paid minimum wages." *Id.* at *3.

Here, the FAC only asserts generic allegations that Plaintiff and other class members worked over 8 hours in a day, and/or 40 hours in a week, and were not paid overtime wages because of a system "that unevenly rounded their time worked" and required off the clock work. (ECF 1, FAC ¶ 32). The FAC fails to identify any specific instance in which Plaintiff or any putative class member worked over 40 hours in a particular week or over 8 hours in a day, and did not receive proper overtime compensation, and these deficiencies warrant dismissal. *See Anderson v. Blockbuster Inc.*, No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249, at *2–4 (E.D. Cal. May 4, 2010) (finding insufficient an allegation that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week"); *Boyack v. Regis Corp.,* 812 F. App'x 428, 430-31 (9th Cir. 2020) (affirming dismissal of California unpaid overtime claims for which the complaint "fails to allege a workweek in which [the plaintiffs] worked more than forty hours and were not paid overtime").

Plaintiff also fails to provide any facts about the off the clock claim. The FAC provides no factual detail as to when, how, and under what circumstances Plaintiff and other putative class members were required to work off the clock. There are no allegations about the alleged tasks that needed to be performed while off the clock. Thus Yates (and this Court) can only guess about the alleged circumstances of the claim, which warrants dismissal. *See, e.g., Guerrero*, 2016 WL 6494296, at *3-5 (dismissing unpaid wages claim where complaint failed to provide any dates as to when the purported violations occurred, holding the allegations were "overly general and therefore preclude[d] the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one workweek"); *see also Landers*, 771 F.3d at 645 (allegations may "raise the possibility of undercompensation ... [but] a possibility is not the same as plausibility."); *Billington*, 2020 WL 5763824, at *3 (allegations of "time shaving" were insufficient under *Landers* where "Plaintiffs fail to point to any factual allegations in the Complaint that describe at least one specific workweek where pay was denied to either Plaintiff. Plaintiffs also fail to identify specific tasks for which they were not paid.").

Also, the FAC does not allege any facts to plausibly show that, or when, Yates ever rounded Plaintiff's time in an uneven way. Again, Yates and this Court are left to guess, and cannot reasonably infer, whether rounding occurred at all, and if it did occur, whether the alleged practice necessarily benefited only Yates at the expense of its employees. *See AHMC Healthcare, Inc. v. Superior Court*, 24 Cal. App. 5th 1014, 1023-24 (2018) (even when the existence of a rounding system is established, perfect symmetry in application is not required, and it is still lawful even if a "majority" of employees were marginally not paid for all hours worked). The overtime claim should be dismissed.

**B.    The Court Should Dismiss Plaintiff's Second Cause of Action Because He Fails to Plead Sufficient Facts to State a Plausible Claim for Minimum Wages.**

The Court should dismiss Plaintiff's claims for minimum wage violations because the FAC does not contain any non-conclusory factual allegations to support an inference of a plausible claim for relief. Here, Plaintiff only parrots the same conclusory allegations that he makes for his overtime claim, which is that the unlawful conduct involved off the clock work and uneven

6

55006339.v1-OGLETREE

rounding. (ECF 1, FAC ¶ 38). Plaintiff provides no facts about his work duties, his hours worked, his tasks performed that were not paid, or any other details relevant to the number of hours he worked at any time or in any week. Plaintiff's general allegations do not "make it plausible that there was at least one occasion" in which he made less than the minimum wage, or that he made less than the minimum wage for all hours worked in any particular workweek, and these deficiencies warrant dismissal. *Boyack*, 812 F. App'x at 431 (affirming dismissal of California unpaid minimum wage claim for which the complaint failed to plausibly allege that the plaintiff "received less than minimum wages for all hours worked"); *Cortez v. United Nat'l Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27, 2019) (dismissing unpaid minimum wage claim and emphasizing that "Plaintiff provides no facts about his work duties, his hours worked, or any other details relevant to the number of hours he worked at any time or in any week"). *Dutra*, 2023 WL 113846, at *3-4 (applying *Landers* standard to dismiss minimum wage claim); *Barajas*, 2022 WL 1103841, at *12 (concluding that the plaintiffs' allegations as to their failure to pay minimum wages claim were insufficient under *Landers*); *Soratorio v. Tesoro Ref. & Mktg. Co.*, No. CV 17-1554-MWF (RAOx), 2017 WL 1520416, at *5-6 (C.D. Cal. Apr. 26, 2017) ("*Soratorio I*") (dismissing wage claim for failing to meet the *Landers* standard and plead a violation in a specific workweek). Here, Plaintiff makes no allegations of when he was not paid minimum wages, or what circumstances of the purported misconduct resulted in the alleged underpayments. As such, this claim should be dismissed.

### C.  The Court Should Dismiss Plaintiff's Third Cause of Action Because Plaintiff Fails to Plausibly Allege Meal Break Violations.

The Court should dismiss Plaintiff's meal break claim because the FAC fails to satisfy the pleading requirements. Plaintiff only provides the following conclusory allegation for his meal break claim: "Defendants have had a consistent policy of, on multiple occasions, failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day, and on multiple occasions,

7

failing to provide compensation for such unprovided meal periods." (ECF 1, FAC ¶ 15). These allegations do not meet the standard.

District courts have consistently held that the *Landers* pleading requirements are equally applicable to meal and rest break claims. *See, e.g., Wood v. N. Am. Van Lines, Inc.,* No. 820CV02092, 2021 WL 3134203, at *4 (C.D. Cal. July 23, 2021) ("The pleading standards set forth in *Landers* apply equally to Plaintiffs' state . . . meal period, and rest break allegations"); *Perez v. DNC Parks & Resorts at Sequoia,* No. 119CV00484, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (citing *Landers*, 771 F.3d at 646; *Boyack*, 812 F. App'x at 431) ("To successfully state a meal or rest break claim, plaintiffs must allege facts specifically identifying an instance where they were deprived of a meal or rest break."). Accordingly, to comply with *Landers*, Plaintiff must, at minimum, "plead at least one specific instance where he or she personally experienced a missed meal or rest period." *Guerrero v. Halliburton Energy Servs., Inc.,* No. 1:16-CV-1300, 2016 WL 6494296, at *6 (E.D. Cal. Nov. 2, 2016). Plaintiff does not satisfy this requirement.

Plaintiff has also failed to allege facts showing that on a given day he worked a continuous period of more than five hours, such that he was entitled to a meal break in the first instance, or facts showing that on a given day he worked a continuous period of more than 10 hours without receiving a compliant opportunity to take a second meal break, or facts showing how Yates allegedly prevented compliant meal break opportunities. These deficiencies warrant dismissal. *See, e.g.*, *Perez,* 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) ("To successfully state a meal [break] ... claim, plaintiffs must allege facts specifically identifying an instance where they were deprived of a meal [break]"); *Guerrero*, 2016 WL 6494296, at *3 ("Aside from the general allegation that Defendants engaged in unlawful conduct for at least four years prior to the filing of this case ..., Plaintiff provides no dates as to when these purported violations occurred.").

Moreover, it is not sufficient to allege that a meal break was not taken or received on any given occasion because the California Supreme Court has held that employers have no obligation to police meal breaks to ensure no work is being done by a relieved employee. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012). Rather, to state a valid claim for relief, a plaintiff

8

must identify **some affirmative conduct** by the employer that precluded their ability to take a compliant meal break. *See, e.g., Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955-BLF, 2023 WL 322888, at *5 (N.D. Cal. Jan. 19, 2023) ("To state a claim for failure to provide required rest or meal periods, [a plaintiff] must at least allege either a specific corporate policy prohibiting those breaks or a specific instance or instances in which he was denied a required break."); *Morales v. Amazon.com, L.L.C.*, No. 2:17-cv-1981-ODW-JEM, 2018 WL 3636888, at *2-3 (C.D. Cal. July 30, 2018) (dismissing break claims where allegations lacked "pertinent factual information regarding how [defendants] actually went about coercing" the employees and it was "unclear whether Defendants actually failed to provide a meal and rest break, or whether [employees] chose not to take otherwise available breaks.").

Here, the FAC fails to plausibly allege that Yates engaged in affirmative conduct that prevented Plaintiff or others from compliant meal break opportunities. Plaintiff makes no factual allegations showing how he was denied the opportunity to take a meal break because of a company policy or practice; or showing that he was disciplined for taking a meal break; or showing that a supervisor prevented him from taking a meal break. These deficiencies also warrant dismissal. *See, e.g., Lopez v. Wendys Int'l, Inc.*, No. CV 11-00275-MMM(JCx), 2011 WL 6967932, at *5 (C.D. Cal. Sept. 19, 2011) (dismissing break claims where plaintiff did not allege that she requested a break that was denied, that supervisors told her the restaurant was too busy for breaks to be taken or to complete her tasks even if it meant missing breaks, or that employees were disciplined for taking breaks); *Gonzalez v. Fallanghina, L.L.C.*, No. 16-cv-01832-MEJ, 2016 WL 3951655, at *6 (N.D. Cal. July 22, 2016) (meal break claim dismissed because plaintiff failed to "explain the factual circumstances surrounding his alleged denial" of breaks.). These many deficiencies warrant dismissal.

### D. The Court Should Dismiss Plaintiff's Fourth Cause of Action Because Plaintiff Fails to Plausibly Allege Rest Break Violations.

Plaintiff's rest break claim fails for the same reasons that the meal break claim fails – he only provides the following conclusory allegation for his rest break claim: "Defendants have had a consistent policy of, on multiple occasions, failing to provide Plaintiff and similarly situated

employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and on multiple occasions failing to provide compensation for such unprovided rest periods as required by California wage and hour laws." (ECF 1, FAC ¶ 16). These allegations are insufficient.

"The requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods." *Dutra*, 2023 WL 113846, at *4 (quoting *Guerrero*, 2018 WL 6494296, at *6). Here, Plaintiff does not allege at least one rest break where he worked through the break and was not paid for that time, nor does he allege a given instance when Yates failed to provide him with a compliant rest break opportunity. *Id*. Plaintiff also fails to allege any facts showing how he was denied the opportunity to take a compliant rest break because of a company policy or practice; showing that he was disciplined for taking a compliant rest break; or showing that a supervisor prevented him from taking a compliant rest break. These deficiencies also warrant dismissal.

In *Gonzalez*, 2016 WL 3951655, at *6, the court dismissed the plaintiff's break claims because he failed to "explain the factual circumstances surrounding his alleged denial" of breaks. While Gonzalez alleged "that '[d]uring the pay period December 15, 2014 to December 28, 2014, Plaintiff Gonzalez was denied meal breaks and rest breaks at both LLCs'" -- he did not "say who denied him meal and rest breaks." *Id.* Instead, the Gonzalez plaintiff simply alleged that the defendant "'never offered [him] breaks ... and compelled [him] to work through those meal ... periods.'" *Id.* But the court found those allegations deficient because the plaintiff had failed to "provide any of the factual circumstances of how or when that occurred, such as an allegation that Plaintiff's manager made Plaintiff [work] during any break or that Plaintiff's supervisor told him he was not allowed to take breaks." *Id.* Absent that factual content, the allegations "[did] not allow the Court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

In the instant case, Plaintiff's allegations fall far short of the allegations made in *Gonzalez*, and thus also fail to sustain the claim.

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

**E.**     **The Court Should Dismiss Plaintiff's Fifth Cause of Action Because He Fails to Plead Sufficient Facts to State a Plausible Claim for Final Wages Not Timely Paid.**

The FAC alleges a derivative claim for failure to timely pay wages upon termination. (ECF 1, ¶ 57). This claim fails for the same reasons as the underlying claims fail. *See, e.g., Caballero v. W. Refin. Retail, L.L.C.*, No. 8:21-cv-00018-VAP-SKx, 2021 WL 2935308, at *3 n.4 (C.D. Cal. June 9, 2021) (finding plaintiff's claim for "waiting time penalties [was] derivative, [and, thus,] it cannot be supported by the insufficiently pleaded rest break claim.").

Moreover, the FAC's conclusory allegations essentially state the elements of the cause of action and add no factual detail, which is not sufficient to state a claim. *Dutra*, 2023 WL 113846, at *6. Plaintiff does not even allege specific facts about the end of his employment with Yates. He did not state whether he was terminated or resigned, which would inform whether he is attempting to state a claim under Cal. Lab. Code sections 201 or 202. He does not state whether he received his final paycheck, the date the final paycheck was received, the amount received, or the amount he contends that he was supposed to receive. The FAC's failure to provide this most basic information makes it impossible for Yates to assess this claim, and warrants its dismissal. *See Guerrero*, 2016 WL 6494296, at *8 ("Plaintiff has not alleged when his employment with Defendant ended, nor has he alleged exactly what wages were earned and unpaid."); *Lyter v. Cambridge Sierra Holdings, L.L.C.*, No. CV173435MWFAGRX, 2017 WL 8186044, at *6 (C.D. Cal. July 25, 2017) ("Plaintiff does not even allege the date she was terminated or the date she received her final paycheck, let alone any specific facts giving rise to an inference that [the employer] systematically failed to pay class members' wages on separation."); *Ritenour v. Carrington Mortg. Servs. L.L.C.*, 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing Section 203 claim that had "no description of what wages were due, when they were due, and when, if at all, they were paid"); *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC(JCGx), 2015 WL 4504691, *2 (C.D. Cal. July 23, 2015) (dismissing late final pay claim where "Plaintiff does not even generally allege what wages were earned and paid at the time of termination, nor does she allege how and in what manner any final wage payment was untimely under the Labor Code"); *Anderson*, 2010 WL 1797249, at *3 (granting motion to dismiss where "Plaintiff fails to state when or how Defendant failed to pay the required

55006339.v1-OGLETREE

wages"); *Partida v. Stater Bros. Mkts.*, No. 518CV02600SJOKKX, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019) (dismissing section 203 claim because "[p]laintiff does not provide facts describing the date of her own purported termination, the date she received her own final paycheck, its amount, or the amount she purportedly should have received" and therefore the "cause of action does not contain enough 'factual enhancement' to cross 'the line between possibility and plausibility'").

Furthermore, the FAC fails to allege any facts that could plausibly suggest that Yates "willfully" failed to pay all wages due at termination. Instead, Plaintiff merely provides conclusory allegations that Yates had the ability to pay but intentionally failed to comply with the law. (ECF 1, FAC ¶ 58). That doesn't meet the standard. *See Brown v. Wal-Mart Stores, Inc.,* No. C 08-5221 SI, 2013 WL 1701581, at *8 (N.D. Cal. Apr. 18, 2013) ("Although the [complaint] generally alleges that 'violations of the law were committed knowingly and wilfully' [sic] ... plaintiffs fail to support this conclusory allegation with factual support.").

The mere failure to make payments at termination -- the right to which is the subject of a good faith dispute -- cannot, as a matter of law, establish a "willful" failure to timely pay all terminal wages. *See, e.g., Driscoll v. Granite Rock Co.*, No. 1-08-CV-103426, 2011 WL 10366147 (Cal. Super. Ct. Sept. 20, 2011) ("[P]roof of violation of one statute does not prove a knowing and intentional violation of another."). For example, in *Soratorio v. Tesoro Refin. & Mktg. Co.,* No. CV 17-1554-MWF (RAOx), 2017 WL 8220415 (C.D. Cal. Sept. 11, 2017) ("*Soratorio II*"), the court dismissed the plaintiff's Section 203 claims without leave to amend where he attempted to plead "willfulness" based on his allegation that "[a]lthough Plaintiff and certain members of the proposed CLASS brought these issues of untimely payment upon separation of employment with [Tesoro], all such complaints proved fruitless"—which is more factual enhancement than that alleged by Plaintiff here (which is none). *Id.* at *3. The *Soratorio* Court held that "[t]his unadorned allegation, without more, [did] not plausibly suggest willfulness" because the complaint proffered "no information about when Plaintiff and 'certain members of the proposed class' complained, how they complained (*e.g.*, in-person, telephone, email), who they complained to, or the response(s) they received." *Id.*; *see also Guerrero*, 2016 WL 6494296, at *7-8 (dismissing Section 203 claim

12

that alleged defendant's violation was "willful" in that defendant "knew the wages to be due, but failed to pay them" on the grounds that plaintiff failed to plead facts as to what wages were not paid and how their non-payment was willful). Here, Plaintiff makes no allegation that he reported any unpaid wages, what wages were unpaid, or that Yates allegedly failed to respond and address such reports. As such, this claim should be dismissed.

**F.    The Court Should Dismiss Plaintiff's Sixth Cause of Action Because He Fails to Plead Sufficient Facts to State A Plausible Claim for Non-Compliant Wage Statements.**

The FAC only offers conclusory allegations of wage statement violations which fail for several reasons. (ECF 1, ¶¶ 68-69).

First, the wage statement claim fails because it is based solely on deficient predicate claims of unpaid wages. *Dutra*, 2023 WL 113846, at *7.

Second, Plaintiff fails to allege a single factual exemplar of any allegedly inaccurate wage statement that he or any putative class member received from Defendant, which also warrants dismissal. *See Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *10 (E.D. Cal. Oct. 31, 2019)("In his complaint plaintiff simply recites the language of California's statutes, [citation] without identifying "a single deficient wage statement," [citation], or explaining how his wage statements are inaccurate."); *Soratorio,* 2017 WL 1520416, at *8 (dismissing claims for Section 226 violations where "[t]he Complaint fails to allege a single factual exemplar of any inaccurate wage statement").

And finally, the FAC fails to allege required facts that the alleged failure by Yates was knowing and intentional. Cal. Lab. Code§ 226(e). Instead, the FAC merely asserts that Yates had the ability to provide compliant statements but intentionally failed to issue them. (ECF 1, FAC ¶ 69). But the allegation that a defendant "intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements" is a "bald allegation[]" that simply "parrot[s] the statutory language" and is insufficient to state a claim under Section 226. *See Duley v. Centerra Grp., L.L.C.*, No. 2:19-cv-08754-AB (JCx), 2020 WL 6526369, at *4 (C.D. Cal. Mar. 18, 2020); *Dawson v. HITCO Carbon Composites, Inc.*, No. CV16-7337 PSG FFMx, 2017 WL 7806618, at *6 (C.D. Cal. Jan. 20, 2017) ("Plaintiff's conclusory allegation that Defendant

13

1  violated § 226(a) 'intentionally and willfully,' without any factual support, is insufficient to state a

2  plausible claim."); *Brown*, 2013 WL 1701581, at *8 ("Although the [operative complaint]

3  generally alleges that 'violations of the law were committed knowingly and wilfully' [sic] ...

4  plaintiffs fail to support this conclusory allegation with factual support."); *Ramirez v. Manpower,*

5  *Inc.*, No. 5:13-CV-2880-EJD, 2014 WL 116531, at *5-6 (N.D. Cal. Jan. 10, 2014) (same). This

6  claim should be dismissed.

> ### G.    The Court Should Dismiss Plaintiff's Seventh Cause of Action for Unfair Competition.

9  Plaintiff's UCL claim is entirely premised on his deficient claims alleging unpaid wages.

10  (ECF 1, FAC ¶ 75). The UCL borrows from other laws by making them independently actionable

11  as unfair competitive practices. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134,

12  1143 (2003). Because Plaintiff's claim merely derives from his other deficient claims, it fails for

13  the same reasons. *Mie Yang v. Francesca's Collections, Inc.*, No. 17-cv-04950-HSG, 2018 WL

14  984637, at *8 (N.D. Cal. Feb. 20, 2018) (dismissing UCL claim to the extent that it is derivative of

15  plaintiff's failed rest period claim); *Cleveland v. Groceryworks.com, L.L.C.,* 200 F. Supp. 3d 924,

16  961 (N.D. Cal. 2016) ("Liability under the UCL is generally derivative of liability under another

17  statutory violation."); *Rubin v. Wal-Mart Stores, Inc.*, 599 F. Supp. 2d 1176, 1179 (N.D. Cal. 2009)

18  (holding that where claims for violations of the Labor Code failed, derivative UCL claims also

19  failed).

20  Moreover, Plaintiff fails to allege (and cannot possibly allege in light of his other Labor

21  Code claims seeking money damages) that he lacks an adequate remedy at law, and thus this claim

22  fails as a matter of law.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

23  This claim must be dismissed because "[plaintiff] fails to explain how the same amount of money

24  for the exact same harm is inadequate or incomplete, and nothing in the record supports that

25  conclusion." *Id.*; *Dutra*, 2023 WL 113846, at *7-8.

26  ///

27  ///

28  ///

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

**H.    The Court Should Dismiss Plaintiff's Eighth Cause of Action Seeking PAGA Civil Penalties.**

Plaintiff's PAGA claim seeking civil penalties derives entirely from his first six causes of action. (ECF 1, FAC ¶ 80). Thus, the PAGA claim fails for the same reasons that the premised claims fail. *White v. Starbucks Corp*, 497 F. Supp. 2d 1080, 1090 (N.D. Cal. 2007) (finding PAGA claim cannot stand on its own where all underlying claims have been dismissed); *Horton v. Neostrata Co.*, No. 3:16-CV-02189-AJB-JLB, 2017 WL 2721977, at *7 (S.D. Cal. June 22, 2017) (same).

Plaintiff's PAGA claim also fails because he offers no non-conclusory facts that his work experiences were similar to that of the other purportedly aggrieved employees for whom he seeks to recover civil penalties. As Judge King explained in *Ovieda v. Sodexo Operations, L.L.C.,* No. CV 12-1750-GHK (SSx), 2012 WL 167237 (C.D. Cal. May 7, 2012):

> [W]ith respect to Plaintiff's PAGA claim, she alleges no facts to support her assertion that this case is suitable for treatment as a representative action. Instead, she simply repeats her general allegation that her claims "are typical of the representative group because DEFENDANTS subjected all of their hourly employees to the identical violations of the California Labor Code and California Business and Professions Code." [citation] This allegation is wholly conclusory and thus we need not take it as true in deciding this Motion. In sum, Plaintiff's class allegations and PAGA claim must be dismissed because she has alleged absolutely no facts to show that her work experience was similar to that of any member of the putative class.

*Ovieda,* 2012 WL 167237*,* at *4. The same deficiencies apply here, as Plaintiff has not alleged any facts to show that his work experiences were similar to those of any other allegedly aggrieved employees, or that the alleged unlawful policies implemented by Yates impacted other employees similarly. Thus, this claim should be dismissed.

**V.    THE MOTION TO STRIKE**

**A.    The Court Should Dismiss or Strike Plaintiff's Class Claims Because He Pleads No Factual Allegations that Plausibly Suggest that He is Similarly Situated to Putative Class Members.**

Should the Court conclude that Plaintiffs' first through eighth causes of action are not subject to dismissal, Yates submits that the Court should at least strike the class allegations from the FAC and allow this action to proceed solely on an individualized basis for the named plaintiff

15

55006339.v1-OGLETREE

alone. Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Where a portion of a cause of action is substantively defective on the face of the complaint, a court may grant a motion to strike the pleading if the defective pleading will cause prejudice to the moving party, including in circumstances "where a party may be required to engage in burdensome discovery around frivolous matters.'" *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628, 630 (E.D. Cal. Oct. 6, 2014) (citation omitted).

In addition, Rule 23(d)(1)(D) permits courts to issue orders that "require that the pleadings be amended to eliminate allegations about representation of absent persons." Rule 23 has similarly been held to authorize courts to "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010). Accordingly, where a plaintiff fails to properly plead the requirements of Rule 23, the class allegations should be stricken, and class discovery may not be commenced. *See, e.g. Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming grant of motion to strike class allegations under Rule 23). Indeed, particularly in the context of a class action, it is "unfair to require the opposing party to be subjected to the expense of discovery and continued litigation" based on defective allegations. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Here, Plaintiff only provides conclusory allegations of commonality, typicality, and adequacy. (ECF 1, FAC ¶¶ 25-27). Plaintiff does not allege any facts about his job description or job duties, nor does he allege any facts about the purported policies and practices that applied similarly to all putative class members. Such allegations have been repeatedly found to be deficient. *See Ortiz v. Sodexo Operations*, No. CV-10-04158 R (RCx), 2010 WL 11552888, at *1-2 (C.D. Cal. Aug. 12, 2010) (class claims dismissed because plaintiff made no specific factual allegations of how defendants supposedly treated all putative class members the same as her with respect to breaks and pay); *Byrd*, 2016 WL 756523, at *4 (dismissing class claims because conclusory allegations of statewide policies and practices are not sufficient); *Ovieda*, 2012 WL 167237, at *4 (class claims insufficient because plaintiff failed to allege that any member of the

16

putative class had similar work experiences than the plaintiff, or any specific statewide policies and practices that resulted in violations).

In *Perez*, 2019 WL 5618169, this Court dismissed the plaintiff's class allegations due to the lack of facts establishing class-wide "policies and practices":

> Plaintiff's complaint in this case similarly fails to include a sufficiently plead class allegation. As noted above, plaintiff does not allege his job title, his job description or duties, the dates of his employment, the physical location(s) where he worked, or the specific defendant(s) for which he worked. Despite the barren allegations as to the circumstances of his own employment, plaintiff then purports to represent "other similarly situated..." [citation] Plaintiff also fails to allege any specific facts about defendants' purported class-wide "policies and practices," other than "bald legal assertions and conclusory allegations." [citation] These deficiencies are further compounded by the fact that most of plaintiff's individual claims, which underlie his class allegations, are themselves insufficiently pled.

*Id*. at *12.

Here, the Court should dismiss the class claims in the FAC because they suffer from the same pleading defects. Plaintiff makes no allegations of any detail about his job description or duties, or worksite, or any allegations about such facts for other putative class members, or any facts about Yates' purported policies that allegedly applied similarly to the broadly defined putative class Plaintiff purports to represent. Thus, this Court should dismiss the class claims rather than force Yates to face broad class discovery on the paltry basis of the FAC's generic and conclusory class allegations. *Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-1093 AG (ANx), 2015 WL 12912337, at *4 (C.D. Cal. Mar. 16, 2015) (finding the court "troubled by [the] possibility" that "if a class action complaint could survive a motion to dismiss based merely on the need for class discovery, then many, if not all, class action complaints would have expansive class allegations and definitions to permit a fishing expedition during discovery").

**B.    The Court Should Strike Plaintiff's PAGA Allegations Seeking Civil Penalties For Untimely Wage Payments Under Section Labor Code Section 204.**

The FAC asserts PAGA allegations that Yates failed to make timely wage payments in violation of section 204. (ECF 1, FAC ¶ 84). However, Plaintiff's allegation is that Yates allegedly failed to pay "all wages owed" at payroll. *Id.* Plaintiff does not allege that Yates failed to provide pay checks on timely payroll dates.

17

Courts recognize that section 204 regulates the timing of wage payments and cannot be premised on a claim that an employer <u>underpaid</u> wages. *See, e.g., Frausto v. Bank of Am., N.A.*, No. 18-cv-01983-MEJ, 2018 WL 3659251, at *10-11 (N.D. Cal. Aug. 2, 2018); *Carter v. Jai-Put Enter.*, No. 18-cv-06313-DMR, 2020 WL 3545094, at *10 (N.D. Cal. June 30, 2020) ("[A] violation of section 204 cannot be premised solely on the claim that an employer underpaid wages."); *Barragan v. Home Depot U.S.A.*, No. 3:19-cv-01766-AJB-AGS, 2021 WL 2828577, at *2 (S.D. Cal. Mar. 26, 2021); *Clevland v. Ludwig Inst. for Cancer Rsch. Ltd.*, No. 21cv871 JM (JLB), 2022 WL 80265, at *8 (S.D. Cal. Jan. 7, 2022). Section 204 involves the timing of wage payments only, not the alleged underpayment of wages.

On the timing requirement, section 204 "does not provide for the payment of any wages nor create any substantive right to wages. The only right furthered by the section is the timely payment of wages." *Singer v. Becton, & Co., Med-Safe Sys.*, No. 08cv821 IEG (BLM), 2008 WL 2899825, at *3 (S.D. Cal. July 23, 2008) (citation omitted). A section 204 claim is only viable if the employer is alleged to fail to maintain two regular pay days each month. *De La Torre v. Am. Red Cross*, No. CV 13-04302 DDP (JEMx), 2013 WL 5573101, at *5 (C.D. Cal. Oct. 9, 2013) (dismissing plaintiff's Section 204 claim where "Plaintiff [did] not allege that Defendants did not maintain two regular pay days each month"). Here, Plaintiff makes no allegation that Yates failed to maintain two regular pay days each month, nor the date of any purportedly untimely payment, nor the amount of time a payment was late, nor any particular individual who was not timely paid during their employment. These deficiencies warrant the striking of the allegations of 204 violations and allegations seeking commensurate civil penalties under section 210. *Hall v. W. Ref. Retail, L.L.C.*, No. 5:19-CV-00855-VA (SKx), 2020 WL 3891453, at *9 (C.D. Cal. Apr. 24, 2020) (dismissing a Section 204 claim where the plaintiff's amended pleading did "not contain any allegations that Defendant failed to establish two regular pay dates for each month").

**C.    <u>The Court Should Strike Plaintiff's PAGA Allegations Seeking Civil Penalties Under California Labor Code Section 226.3.</u>**

For his PAGA claim, Plaintiff seeks civil penalties under section 226.3 for the alleged failure by Yates to provide accurate wage statements. (ECF 1, FAC ¶ 83 and Prayer ¶ P). Plaintiff's

18

underlying wage statement allegations are that the statements purportedly failed to accurately itemize all time worked and rates paid. (ECF 1, FAC ¶ 68). Plaintiff never alleges that Yates simply failed to provide wage statements at all. Thus Plaintiff makes no allegations to show that that he is entitled to heightened civil penalties under section 226.3. *See* Cal. Lab. Code § 226.3 (imposing, under certain defined circumstances, $250 for "an initial citation" and $1,000 for "each violation in a subsequent citation").

An employee may seek heightened civil penalties "only where the employer fails to provide wage statements or fails to keep required records," not when a statement simply omits information or underreports purported wages earned. *See Gunther v. Alaska Airlines, Inc.*, 72 Cal. App. 5th 334, 340 (2021) (rejecting 226.3 penalties where wage statement omitted hours and rates); *Fleming v. Covidien, Inc.*, No. ED CV10-01487 RGK (OPx), 2011 WL 7563047, at *3 (C.D. Cal. Aug. 12, 2011) (finding 226.3 penalties do not apply in run-of-mill case where employer simply neglects to "include information required by the statute"). Here, Plaintiff's allegations are that statements were provided, but that they were allegedly incomplete. (ECF 1, FAC ¶ 68). Thus, to the extent Plaintiff is eligible for any penalties at all, he is foreclosed from seeking heightened penalties under Cal. Lab. Code section 226.3, and all such allegations should be stricken.

## VI. **CONCLUSION**

For all the foregoing reasons, Yates requests that this Court dismiss all causes of action in the First Amended Complaint pursuant to Rule 12(c). In the alternative, Yates requests that this Court dismiss those causes of action that are determined to be insufficiently plead. To the extent that the Court concludes that any causes of action are adequately plead, then Yates requests that this Court strike Plaintiff's class allegations pertaining to those causes of action, limiting them to

///

///

///

///

///

///

individual claims on behalf of Plaintiff alone, pursuant to Rule 12(f) and 23(d)(1)(D), and to strike

the allegations seeking civil penalties under sections 204, 210, and 226.3.

DATED:  February 15, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
        Robert R. Roginson
        Michael J. Nader
        Paul M. Smith

Attorneys for Defendant
W.G. YATES & SONS CONSTRUCTION COMPANY

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE

55006339.v1-OGLETREE

## CERTIFICATE OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Sacramento in the office of a member of the bar of this court at whose direction the service was made.  My business address is 500 Capitol Mall, Suite 2500, Sacramento, CA 95814. My email address is: noreen.witt@ogletree.com.

On February 15, 2023, I served the following document(s):

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C) OR, IN THE ALTERNATIVE, MOTION TO STRIKE UNDER FRCP 12(F)**

With the Clerk of the United States District Court of Central District of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Michael Nourmand                                    Attorneys for Plaintiff
James A. De Sario                                      Juan Pablo Rivera Cadena
THE NOURMAN LAW FIRM, APC
8822 West Olympic Blvd
Beverly Hills, CA 90211
Telephone: 310-553-3600
Facsimile: 310-553-3603
Emails:   mnourmand@nourmandlawfirm.com
              jdesario@nourmandlawfirm.com

☒      (Federal)        I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 15, 2023, at Sacramento, California.


_____
NOREEN F. WITT

55006339.v1-OGLETREE